[No. G040979. Fourth Dist., Div. Three. Sept. 29, 2008.]

FREEDOM COMMUNICATIONS, INC., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
NELSON GONZALEZ et al., Real Parties in Interest.

**COUNSEL**

Davis Wright Tremaine, Kelli L. Sager, Alonzo Wickers IV and Jeff Glasser for Petitioner.

No appearance for Respondent.

Callahan & Blaine, Daniel J. Callahan, Javier H. van Oordt and Jill A. Thomas for Real Parties in Interest.

## OPINION

**THE COURT.**[*]—A newspaper, petitioner Freedom Communications, Inc., doing business as The Orange County Register (The Register), seeks extraordinary relief from an order enjoining it from reporting on trial testimony in a case in which it is the defendant. As explained below, we find this order an impermissible prior restraint violative of both the United States and California Constitutions. Finding plain error, we issue a peremptory writ of mandate in the first instance directing the trial court to vacate the order barring The Register from publishing the testimony of witnesses at trial.

### BACKGROUND

The Register is the defendant in a wage-and-hour class action brought by the persons who deliver copies of the paper to homes and businesses each morning. These newspaper carriers claim The Register has improperly classified them as independent contractors and denied them the meal breaks, overtime pay, minimum wage and other benefits to which they are entitled as employees.

With trial 10 days away, plaintiffs applied ex parte for a sweeping order prohibiting The Register from reporting on "anything concerning or relating to any aspect of this litigation," on any of the attorneys involved in the lawsuit, on The Register's "finances" or "financial difficulties," and on the economic challenges facing the "newspaper industry as a whole." The Register vigorously opposed the requested order on the grounds of facial unconstitutionality, overbreadth, and vagueness.

The trial court denied plaintiffs' application, but issued its own sua sponte order enjoining the newspaper, during the pendency of the trial, from reporting on the trial testimony of any witness. This prohibition was contained within a broader order that barred all nonexpert witnesses from the courtroom except during their own testimony, forbade witnesses from discussing their testimony with other witnesses, and forbade the parties and witnesses from disclosing "to a [nonexpert] witness the testimony of another witness." During the hearing, the court explained that the gag order against

---

[*]Sills, P. J., Aronson, J., and Ikola, J.

The Register, like the related measures barring witnesses from observing or learning about other witnesses' trial testimony, would prevent witnesses from being influenced by the testimony of others.

The Register quickly filed a request for an emergency stay of the gag order and a petition for a peremptory writ of mandate. We invited plaintiffs to file an informal response, which they did. We have read and considered that response. For the reasons set forth below, we determine the trial court's order barring The Register from reporting on the trial testimony of witnesses is a prior restraint that plainly violates the press freedoms guaranteed by the United States and California Constitutions. Because "petitioner's entitlement to the relief requested is so obvious that no purpose could be served by plenary consideration of the issue . . . ," we issue a peremptory writ of mandate in the first instance. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1260 [82 Cal.Rptr.2d 85, 970 P.2d 872].)

## DISCUSSION

Like all gag orders, the trial court's order restricting The Register's ability to report on the upcoming trial is presumptively invalid. (*Nebraska Press Assn. v. Stuart* (1976) 427 U.S. 539, 558 [49 L.Ed.2d 683, 96 S.Ct. 2791].) A prior restraint is the "most serious and the least tolerable infringement on First Amendment rights." (*Id.,* at p. 559.) Such an order is a "most extraordinary remedy" that may be used "only in 'exceptional cases' . . . where the evil that would result from the reportage is both great and certain and cannot be militated by less intrusive measures." (*CBS Inc. v. Davis* (1994) 510 U.S. 1315, 1317 [127 L.Ed.2d 358, 114 S.Ct. 912] (Blackmun, J., in chambers).) The United States Supreme Court has offered two examples of the sort of "exceptional" situations in which a prior restraint might be justified: to prevent the dissemination of information about troop movements during wartime (*Near v. Minnesota* (1931) 283 U.S. 697, 716 [75 L.Ed. 1357, 51 S.Ct. 625]) or to "suppress[] . . . information that would set in motion a nuclear holocaust." (*New York Times Co. v. United States* (1971) 403 U.S. 713, 726 [29 L.Ed.2d 822, 91 S.Ct. 2140] (conc. opn. of Brennan, J.).) This case law makes clear that the danger the trial court sought to avert by its prior restraint here—the risk that witnesses in a civil trial might be influenced by reading news reports of the testimony of other witnesses—cannot possibly justify the censorship imposed.

■. The problem is not only that the potential danger used to justify the prior restraint is not sufficiently compelling in light of a host of Supreme Court decisions overturning injunctions against publications that posed much graver threats to protected interests. (See, e.g., *New York Times Co. v. United States, supra,* 403 U.S. at p. 714 [invalidating prior restraint against publication of "Pentagon Papers," despite government's argument that disclosure of information posed "grave and immediate danger" to national security]; *Nebraska Press Assn. v. Stuart, supra,* 427 U.S. at pp. 556–561 [invalidating prior restraint against reporting about criminal defendant's confession despite alleged risk to defendant's Sixth Amendment rights].) The other problem is that less restrictive alternatives are available to protect plaintiffs' fair trial rights without infringing on The Register's First Amendment rights. Specifically, the trial court could admonish witnesses not to read press accounts of the trial. "[A]dmonitions . . . must be considered a presumptively reasonable alternative" to restricting First Amendment rights. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1224 [86 Cal.Rptr.2d 778, 980 P.2d 337].)

In fact, such an admonishment would go farther in preventing the tainting of witness testimony because the gag order applies only to The Register and not to other newspapers that cover the trial. The availability of this alternative "less intrusive measure[]" renders the prior restraint unconstitutional. (*CBS Inc. v. Davis, supra,* 510 U.S. at p. 1317 (Blackmun, J., in chambers); see also *Hurvitz v. Hoefflin* (2000) 84 Cal.App.4th 1232, 1241 [101 Cal.Rptr.2d 558] [prior restraints "are unconstitutional unless (1) the speech sought to be restrained poses a clear and present danger or serious and imminent threat to a protected competing interest; (2) the order is narrowly tailored to protect that interest; and (3) no less restrictive alternatives are available"].)

■ The same result obtains under the California Constitution, which "provides an even broader guarantee of the right of free speech and the press than does the First Amendment. [Citation.]" (*Gilbert v. National Enquirer, Inc.* (1996) 43 Cal.App.4th 1135, 1144–1145 [51 Cal.Rptr.2d 91]; see Cal. Const., art. I, § 2, subd. (a).) Because we conclude the order preventing The Register from reporting on trial testimony is unconstitutional under both the United States and California Constitutions, it must immediately fall. ■ "[E]very moment's continuance of [a prior restraint] amounts to a flagrant, indefensible, and continuing violation of the First Amendment." (*New York Times Co. v. United States, supra,* 403 U.S. at p. 715 (conc. opn. of Black, J.).)

## Disposition

Let a peremptory writ of mandate issue directing the superior court to vacate its order prohibiting The Register from reporting on the trial testimony of witnesses during the pendency of the trial. The Register is entitled to its costs in this proceeding.

On September 30, 2008, the opinion was modified to read as printed above.