Filed 4/22/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

CONNIE ANDERSON,

     Plaintiff and Respondent,

v.

STEVE GEIST et al.,

     Defendants and Appellants.

E058139

(Super.Ct.No. CIVRS1200213)

OPINION

APPEAL from the Superior Court of San Bernardino County. Gilbert Ochoa, Judge. Affirmed.

Jean-Rene Basle, County Counsel, and James H. Thebeau, Deputy County Counsel, for Defendants and Appellants.

No appearance by Plaintiff and Respondent.

Plaintiff and respondent Connie Anderson alleges that deputies of the San Bernardino Sheriff's Department unlawfully entered her residence on two occasions, attempting to arrest her daughter pursuant to a bench warrant that had already been recalled, and in the process making defamatory statements to her neighbors. Defendants

1

and appellants Steve Geist and Daniel Shelton (defendants) are two of the sheriff's deputies alleged to have committed these acts.[1]

Defendants appeal from the trial court's denial of their special motion to strike the complaint as a strategic lawsuit against public participation (anti-SLAPP motion) pursuant to Code of Civil Procedure[2] section 425.16 (the anti-SLAPP statute). They contend they met their burden to show plaintiff's causes of action arise from activity protected by the anti-SLAPP statute, and that plaintiff failed to meet her burden of showing a probability she would prevail on the merits, so the trial court should have granted their anti-SLAPP motion. This contention rests, however, on a question that no previous published California case has addressed: whether a peace officer's execution of a warrant is protected activity under the anti-SLAPP statute. For the reasons discussed below, we answer the question in the negative, at least under the circumstances of this case. We therefore agree with the trial court that defendants did not meet their burden on the first part of the anti-SLAPP analysis, and affirm the trial court's ruling.

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed her lawsuit in propria persona on January 10, 2012. In her first amended complaint, filed on April 23, 2012, she alleges that on December 25, 2010, three deputy sheriffs, including defendants, entered her residence, seeking to execute a

---

[1] Plaintiff also sued the County of San Bernardino and San Bernardino County Sheriff, Rod Hoops, as well as unnamed deputy sheriffs sued as Does; Sheriff Hoops was named as one of the moving parties with respect to the motion at issue in this appeal. Nevertheless, this appeal was brought only by Mr. Geist and Mr. Shelton.

[2] Further undesignated statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

warrant for the arrest her daughter. Neither plaintiff nor her daughter was in the house at the time; several tenants of plaintiff were present. Plaintiff alleges, among other things, that in the course of this incident, Deputy Geist made statements "to the neighborhood" that "everyone" in plaintiff's residence was a "'liar[] and criminal[],'" causing a "distancing of [plaintiff's] neighbors from the [plaintiff] and her daughter."

Plaintiff further alleges that the defendants, among other unidentified deputy sheriffs, returned on December 30, 2010, at approximately 8:00 a.m., again seeking to execute a warrant for the arrest of her daughter. On this occasion, plaintiff's daughter was present, and was arrested.

Plaintiff asserts in the first amended complaint that the warrant at issue on both occasions had been recalled on December 23, 2010. This allegation, however, is belied somewhat by an attachment to the first amended complaint, a letter from Sheriff Hoops describing the results of the internal affairs investigation of a complaint by plaintiff. This letter states that plaintiff's allegation that "Deputy Geist arrested Tammi Anderson for a warrant that was recalled" was "[e]xonerated," meaning "[t]he investigation clearly established that the actions of the officer are not violations of law or department policy."

Evidence submitted in support of defendants' anti-SLAPP motion establishes that on December 23, 2010, the appellate division of the superior court ordered execution of the warrant to be stayed. But the warrant was not recalled until a recall calendar on

3

December 30, 2010, at 11:12 a.m., after plaintiff's daughter had already been arrested.[3]

Defendants contend they were unaware of the order for stay of execution of the warrant prior to the time they arrested plaintiff's daughter. The docket of plaintiff's daughter's case is partially included in the record on appeal in this case, and appears to indicate the order for stay of execution of the warrant was faxed to the sheriff on December 23, 2010, or at least that transmission of the order was ordered by the court.[4] Nothing in the record, however, demonstrates that the order was successfully included in sheriff department files, or that defendants were otherwise actually aware of the order.

The first amended complaint asserts 10 causes of action arising out of defendants' alleged actions and statements on December 25, 2010, and December 30, 2010, at plaintiff's residence. These alleged causes of action are entitled by plaintiff as follows: (1) illegal search and seizure; (2) actions/abuse of powers under color of authority, 42 U.S.C. Section 1983 et seq.; (3) intentional tort, pursuant to Government Code section 815.3; (4) slander; (5) defamation of character; (6) negligent supervision-training-respondeat superior; (7) willful neglect of mandatory duty to protect against injury, Government Code section 815.6; (8) intentional infliction of emotional distress; (9) property damage; and (10) conversion.

---

[3] Plaintiff's daughter was wanted on a bench warrant issued for failing to appear as ordered at a predisposition hearing regarding a misdemeanor charge of driving under the influence, in violation of Vehicle Code section 23152, subd. (a).

[4] The docket entry dated December 23, 2010, adjacent to a notation that the appellate order for stay of execution of the warrant had been filed, reads as follows: "TO FAX TO SHERRIF [sic]."

4

Defendants' anti-SLAPP motion was filed on October 30, 2012, and was heard by the trial court on December 19, 2012. The trial court took the matter under submission, and on December 20, 2012, issued a minute order denying the motion on two grounds. First, the trial court found that "the defendants failed to support their motion with affidavits or declarations as required." Second, the trial court found, "In addition, the defendants have failed to show that the action arises from an act in furtherance of defendants' right of petition or free speech."

## II. DISCUSSION

### A. Overview of Anti-SLAPP Motions

Courts construe the anti-SLAPP statute broadly to protect the constitutional rights of petition and free speech. (§ 425.16, subd. (a); *Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 199.) In ruling on an anti-SLAPP motion, the trial court conducts a two-part analysis: The moving party bears the initial burden of establishing a prima facie case that the plaintiff's cause of action arises from the defendant's free speech or petition activity, as defined in the anti-SLAPP statute. (§ 425.16, subds. (b)(1), (e); *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) If the moving party meets its burden, the burden shifts to the plaintiff to establish a probability that he or she will prevail on the merits. (§ 425.16, subd. (b)(1); *Flatley v. Mauro* (2006) 39 Cal.4th 299, 314 (*Flatley*).)

A defendant meets its threshold burden of demonstrating that a cause of action arises from protected activity by showing that the act or acts underlying the claim fit one or more of the four categories described in section 426.16, subdivision (e). (*Navellier v.*

5

*Sletten* (2002) 29 Cal.4th 82, 88.) These categories include "any written or oral statement or writing" that is "made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" (§ 425.16, subd. (e)(1)), "made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law (*id.*, subd. (e)(2)), or "made in a place open to the public or a public forum in connection with an issue of public interest" (*id.*, subd. (e)(3)), as well as "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest" (*id.*, subd. (e)(4)).

""""A plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one 'cause of action.'" [Citation.] Conversely, a defendant in an ordinary private dispute cannot take advantage of the anti-SLAPP statute simply because the complaint contains some references to speech or petitioning activity by the defendant. [Citation.] [Thus] it is the *principal thrust* or *gravamen* of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies [citation], and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute.' [Citation.]" (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1369).) Additionally, "a plaintiff cannot avoid operation of the anti-SLAPP statute by attempting, through artifices of pleading, to characterize an action as a *garden variety* tort claim when in fact the liability

6

claim is predicated on protected speech or conduct. [Citation.]" (*Ramona Unified School Dist. v. Tsiknas* (2005) 135 Cal.App.4th 510, 519.)

With respect to the second part of the anti-SLAPP analysis—reached only if the defendant satisfies its burden on the first part—the plaintiff's evidence in support of its showing of a probability of prevailing must be sufficient to support a judgment in its favor if proved at trial. (*Lam v. Ngo* (2001) 91 Cal.App.4th 832, 845.) Under section 425.16, the merits of the lawsuit are evaluated "using a summary-judgment-like procedure at an early stage of the litigation." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.) It is well established that "a plaintiff opposing an anti-SLAPP motion cannot rely on allegations in the complaint, but must set forth evidence that would be admissible at trial." (*Overstock.com, Inc. v. Gradient Analytics, Inc.* (2007) 151 Cal.App.4th 688, 699.)

"'Review of an order granting or denying a motion to strike under section 425.16 is de novo. [Citation.] We consider "the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based." [Citation.] However, we neither "weigh credibility [nor] compare the weight of the evidence. Rather [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." [Citation.]' [Citation.]" (*Flatley*, *supra*, 39 Cal.4th at pp. 325-326.)

**B. Analysis**

The gravamen of many of plaintiff's asserted causes of action at least arguably is alleged actions by defendants during the course of executing the warrant for the arrest of

7

her daughter.[5]  Defendants assert that a peace officer's execution of an arrest warrant is protected activity under the anti-SLAPP statute, specifically, section 425, subdivision (e)(4).  They argue on that basis that they satisfied the first prong of the anti-SLAPP analysis with respect to plaintiff's causes of action arising from such activity.  They have not cited, however, any published California case directly on point, analyzing whether execution of a warrant is protected activity under the anti-SLAPP statute.  We have discovered none.  Considering the issue as a matter of first impression, we disagree with defendants' analysis, and conclude that execution of a warrant is not protected activity under the anti-SLAPP statute, at least under the circumstances of this case.

The anti-SLAPP statute is designed to protect the "valid exercise" of a person's rights of petition and free speech against lawsuits brought "primarily to chill" such exercise, and to "encourage continued participation in matters of public significance . . . ."  (§ 425.16, subd. (a).)  The statutory definition is broad enough to encompass some acts by governmental entities and their representatives.  (See *Schaffer v. City and County of San Francisco* (2008) 168 Cal.App.4th 992, 1002 (*Schaffer*).)  And the scope of the anti-SLAPP statute is generally to be "construed broadly" to accomplish its ends.  (§ 425.16, subd. (a).)

---

[5]  It is perhaps arguable whether or not the gravamen of a cause of action for conversion, for example, is the execution of an arrest warrant, even if the conversion is alleged to have been committed by a peace officer during the course of executing an arrest warrant.  For purposes of the present appeal, however, we need not delve into that analysis, and instead accept arguendo defendants' characterization of the gravamen of plaintiff's claims.

Nevertheless, we are not convinced by defendants' arguments regarding the scope of the anti-SLAPP statute. Execution of an arrest warrant is of course "an act in furtherance of a criminal prosecution," as defendants put it. But that does not necessarily make it "conduct in furtherance of the exercise of the constitutional right of petition" in the meaning of section 425, subdivision (e)(4). At base, the execution of a warrant is not an exercise of rights by the peace officer; it is the performance of a mandatory duty, at the direction of the court. (See *Barnett v. State Farm General Ins. Co.* (2011) 200 Cal.App.4th 536, 546 ["'A search warrant is not an invitation that officers can choose to accept, or reject, or ignore, as they wish, or think, they should. It is an order of the court.'"].) Because peace officers have no discretion in whether or not to execute a warrant issued by the court, it seems unlikely that a lawsuit asserting claims arising from such activity could have the chilling effect that motivated the legislature to adopt the anti-SLAPP statute, or that extending protections of the anti-SLAPP statute to such activity would serve the statute's goals. (See § 425.16, subd. (a).)

Moreover, to qualify for protection under section 425.16, subdivision (e)(4), the conduct at issue must be "in connection with a public issue or an issue of public interest"—that is, it must "concern[] a topic of widespread public interest and contribute[] in some manner to a public discussion of the topic." (*Hall v. Time Warner, Inc.* (2007) 153 Cal.App.4th 1337, 1347; § 425.16, subd. (e)(4).) In their briefing on appeal, defendants fail to make any argument as to why their execution of a warrant in the circumstances of this case—a routine misdemeanor warrant in a case that apparently

9

attracted precisely zero public interest or discussion—might meet this standard, and we find nothing in the record that might support an argument to that effect.

Defendants cite *Kemps v. Beshwate* (2009) 180 Cal.App.4th 1012, 1017-1018 (*Kemps*), for the proposition that "[p]rocurement of a warrant has been held to be protected activity under [section] 425.16." True enough, so far as it goes. But defendants' implied analogy to the facts of this case does not hold water. In *Kemps*, the claims at issue arose from a defense attorney's application to the court for a bench warrant to compel the attendance of a witness in a criminal case. (*Id*. at p. 1016.) It was hardly a stretch for the Court of Appeal in *Kemps* to conclude that the defense attorney's application to the court was protected petitioning activity under the anti-SLAPP statute. (*Kemps*, *supra*, at p 1018.) But the opinion does not speak to whether execution of a bench warrant is also petitioning activity: Unlike the case at bar, in *Kemps* the peace officers who executed the warrant were not parties, and none of the claims at issue related to the execution of the warrant.

Defendants' reliance on *Schaffer*, *supra*, 168 Cal.App.4th at p. 992, is also misplaced. They read *Schaffer* to hold that "any activity by public employees in connection with a matter under consideration by an executive agency, there the district attorney, is protected under [section 425.16,] subdivision (e)." In our view, this is a broader reading than is reasonably supported by the text of the opinion. In *Schaffer*, the plaintiff brought suit against the police officers who arrested her, among others. (*Id*. at p. 996.) The claims asserted, however, were not based on the execution of the arrest warrant by the officers, but rather a memorandum to the district attorney allegedly

10

prepared by one officer, urging that the plaintiff be prosecuted, and two affidavits by another officer, submitted in support of a complaint filed by the district attorney. (*Id.* at pp. 996.) The *Schaffer* court found that these documents constituted written statements made in connection with an issue under consideration by the district attorney (whether to bring charges against the plaintiff), and entitled on that basis to protection under the anti-SLAPP statute. (*Schaffer*, *supra*, at pp. 1004-1005.) The opinion does not speak to whether execution of an arrest warrant—as distinguished from urging that a district attorney bring charges and subsequently seek an arrest warrant, or submitting written statements in support of charges—is protected activity under the anti-SLAPP statute.

*Bradbury v. Superior Court* (1996) 49 Cal.App.4th 1108 (*Bradbury*) also has no bearing on the outcome here. In that case, a deputy sheriff was investigated by a district attorney following a fatal shooting during the execution of a search warrant, after which the district attorney's office issued a report doubting the veracity of the deputy sheriff's search warrant affidavit. (*Id.* at pp. 1112-1113.) The deputy sheriff brought suit against the county, the district attorney, and the assistant district attorneys involved with the report, alleging a variety of claims, including defamation. (*Id.* at p. 1112.) The Court of Appeal reversed the denial of the defendants' anti-SLAPP motion, finding that the statements in the public report at issue were made in connection with an official investigation, and were protected activity under the anti-SLAPP statute on that basis. (*Bradbury*, *supra*, at p. 1119.) *Bradbury* does not speak to whether execution of a warrant— as distinguished from conducting an official investigation regarding the execution of a warrant, and issuing a public report of the results of that investigation—is

11

protected activity under the anti-SLAPP statute. Defendants' counsel's statement at oral argument that he saw nothing to distinguish *Bradbury* from the facts of this case is, to say the least, unconvincing.

In short, we are not persuaded that execution of an arrest warrant constitutes "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest" in the meaning of section 425.16, subdivision (e)(4), at least under the circumstances of this case.[6]

We also are not persuaded that the anti-SLAPP statute applies to plaintiff's causes of action based on alleged defamatory statements by Deputy Geist. Defendants assert that the alleged defamatory statements are protected under section 425.16, subdivisions (e)(1), (2), and (3). But the alleged statements—comments to plaintiff's neighbors made during the course of executing the arrest warrant for plaintiff's daughter—were not made in a judicial proceeding, or in preparation for litigation, so as to fall under section 425.16, subdivision (e)(1). (See § 425.16, subd. (e)(1); *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [communications preparatory to or in anticipation of litigation are protected by anti-SLAPP statute]. Perhaps a statement that people in a residence are "liars and criminals" might be viewed as "in connection with an issue under consideration or review by a . . . judicial body" in some sense of the phrase,

---

[6] At oral argument, defendants expressed concern that a flat statement that execution of a warrant could never be protected activity under the anti-SLAPP statute was overbroad. We are not persuaded that is so. Nevertheless, we here decide the case before us, and remain open to persuasion regarding application of the law in other cases, involving distinguishable facts or claims.

so long as at least one of the people referred to is facing criminal charges. (See § 425, subd. (e)(2).) But we doubt the alleged statements fall within the meaning of the phrase as it is used in the anti-SLAPP statute. (*Ibid*.) The phrase "in connection with" implies that the statement must be aimed to achieve the objects of the litigation. (See *Flatley*, *supra*, 39 Cal.4th at p. 323 [noting courts have examined the scope of the litigation privilege to determine whether a given communication falls within the ambit of subdivisions (e)(1) and (2) of section 425.16]; *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212 [to fall within litigation privilege, a communication must, among other things, be a communication "to achieve the objects of the litigation"].) There is no basis in the record to find the statements at issue were made with such intent.[7] Finally, as discussed above, there is no appropriate basis to conclude that plaintiff's daughter's misdemeanor charge constitutes an "issue of public interest," so as to potentially fall within the "in connection with an issue of public interest" requirement of section 425.16, subdivision (e)(3).[8]

---

[7] Again, *Bradbury*, *supra*, 49 Cal.App.4th 1108 has no bearing on the analysis, defendants' suggestion at oral argument to the contrary notwithstanding. The alleged statements—essentially, remarks made as an aside to neighbors who apparently witnessed the execution of a warrant—are plainly distinguishable from statements made in a public report detailing the results of an official investigation.

[8] Moreover, defendants' argument in support of their assertion that the alleged defamatory statements fall within the protections of the anti-SLAPP statute is virtually devoid of any cogent legal argument in support of the proposition. "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287.) We doubt that an assertion, supported by a paraphrase of statutory language and a string cite to case law that is at least distinguishable, if not inapposite, without any further analysis, is reasonably viewed as cogent argument.

In sum, defendants did not meet their burden with respect to the first part of the anti-SLAPP analysis, to show that plaintiff's claims arise from activity protected under the anti-SLAPP statute. We therefore need not consider defendants' arguments that plaintiff failed to establish a probability of prevailing on the merits; the burden never shifted to plaintiff to do so. (See, e.g., *Flatley*, *supra*, 39 Cal.4th at p. 314.) Of course, defendants may be correct that plaintiff's causes of action will turn out to be fatally flawed for one reason or another, including the statutory immunities afforded to peace officers and public employees generally, or failures of pleading or proof on the part of plaintiff. Their arguments regarding the merits of plaintiff's claims may properly be raised through pretrial procedural vehicles other than an anti-SLAPP motion, or at trial.

## III. DISPOSITION

The order appealed from is affirmed.[9] The parties shall bear their own costs on appeal.

CERTIFIED FOR PUBLICATION

HOLLENHORST
J.

We concur:

RAMIREZ
P.J.

CODRINGTON
J.

---

[9] Although plaintiff has prevailed on the merits in this appeal, she did so despite failing to file a responsive brief. We decline, therefore, to award her costs. (California Rules of Court, rule 8.278, subd. (a)(5).)

14