Filed 5/13/16  The Inland Oversight Committee v. Yates CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION TWO

|  |  |
|---|---|
| THE INLAND OVERSIGHT COMMITTEE, | E063644 |
| Plaintiff and Appellant, | (Super.Ct.No. CIVDS1314931) |
| v. | OPINION |
| DENNIS R. YATES et al., | |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez, Judge.  Affirmed.

Briggs Law Corporation, Cory J. Briggs and Anthony N. Kim for Plaintiff and Appellant.

Arent Fox, Stephen G. Larson and Jonathan E. Phillips for Defendants and Respondents.

Plaintiff and appellant The Inland Oversight Committee is, according to its complaint, a nonprofit organization with at least one member who "resides in and pays

1

real-property taxes within the geographical jurisdiction of the City of Chino," and has an interest in "ensuring that City's public officials comply with all conflict-of-interest and public-contract laws and maintaining open, transparent government decision-making." (Some capitalization omitted.) Defendants and respondents Dennis R. Yates, Glenn Duncan, Earl C. Elrod, Tom Haughey, Eunice M. Ulloa, and Rob Burns are public officials for the City of Chino, specifically, members of the city council.[1]

In this appeal, plaintiff challenges the trial court's ruling granting defendants' special motion to strike the first amended complaint (FAC) as a strategic lawsuit against public participation (anti-SLAPP motion) pursuant to Code of Civil Procedure[2] section 425.16 (the anti-SLAPP statute). Plaintiff contends the anti-SLAPP motion should have been denied, arguing in the alternative that the public interest exception to the anti-SLAPP statute, codified at section 425.17, subdivision (b), applies, and that defendants failed to establish that plaintiff's causes of action arise from conduct protected under the anti-SLAPP statute.[3]

For the reasons stated below, we affirm.

---

[1] Several other parties were also named as defendants. In this opinion, except where indicated, we use the term "defendants" to refer to those defendants who are also respondents in the present appeal.

[2] Further undesignated statutory references are to the Code of Civil Procedure.

[3] Plaintiff has raised no arguments on appeal regarding the second prong of the anti-SLAPP analysis, regarding the merits of its claims. The trial court sustained without leave to amend defendants' demurrer to the sole cause of action asserted against them, a ruling that plaintiff has not appealed.

## I. FACTS AND PROCEDURAL BACKGROUND

At the heart of this dispute is a contract entitled "Agreement for City Attorney Services," which the City of Chino (City) entered into with Attorneys Jimmy L. Gutierrez, Arturo N. Fierro, and James E. Erickson, and their law firm (City Attorney Defendants). The contract provides on its face that it is to continue in effect for a term of one year from its effective date of July 1, 2006, renewing for an additional one-year term annually, unless the city council issues written notice that the contract will not renew. Plaintiff contends that a provision of the Chino Municipal Code applies to limit the maximum term of the agreement to three years, meaning that it expired "on or before October 17, 2009."[4] On this basis, plaintiff contends any money paid by the city pursuant to the contract after that date was unlawful, and that in approving any such payments defendants "were knowingly and intentionally acting ultra vires." (Italics omitted.)

Plaintiff's initial complaint in this action, filed December 13, 2013, is entitled, "Complaint to Prevent and Cure Public Officials' Knowing, Intentional, and Illegal Disbursements of Taxpayer Funds and Other Taxpayer Waste." The complaint alleges a single cause of action for "Illegal Payments of Taxpayer Funds." The defendants named in the complaint include the city council members listed above, as well as the attorneys and their law firm.

---

[4] Although the contract's effective date was July 1, 2006, the printed language of the contract states that it was executed on October 3, 2006, and the city clerk's handwritten attestation is dated October 18, 2006.

The FAC, filed April 30, 2014, is entitled "First Amended Complaint Under the California Public Records Act and to Prevent and Cure Public Officials' Knowing, Intentional, And Illegal Disbursements of Taxpayer Funds and Other Taxpayer Waste." The FAC adds the City as a defendant, and adds a second cause of action, asserted only against the City, for "Violation of the California Public Records Act." The record request underlying this cause of action was made "[o]n behalf of CREED-21," an organization that is not a party to this action. The request is apparently related to plaintiff's first cause of action, however, in that it was prepared by the attorney and law firm that is also plaintiff's counsel in this action, and it seeks various documents "evidencing any communication[s]" between the City Attorney Defendants and various other parties, including plaintiff, plaintiff's counsel, and the City. The City agreed to disclose some documents, but not others, asserting that some of the requested documents were not subject to disclosure under the Public Records Act.

On July 2, 2014, defendants filed their anti-SLAPP motion. The hearing on the matter took place on February 27, 2015, and the trial court issued a written ruling granting the motion on March 27, 2015.[5] In the meantime, on October 31, 2014, the trial court had granted defendants' demurrer to the FAC, and denied leave to amend with respect to the first cause of action—a ruling that plaintiff has not appealed. The court

---

[5] The March 27, 2015 ruling also addresses defendants' request for sanctions pursuant to section 128.7, granting the request, but leaving the amount to be determined after a separate hearing. That portion of the ruling, and the subsequent award of sanctions, are the subject of a separate appeal, and will not be addressed in this opinion. (*The Inland Oversight Committee v. Yates et al.*, E064787.)

4

noted, however, that its ruling on the demurrer did not render defendants' anti-SLAPP motion moot, because a defendant who prevails on an anti-SLAPP motion is entitled to attorneys' fees.[6]

## II.  DISCUSSION

Plaintiff contends that the trial court erred because the public interest exception to the anti-SLAPP statute, codified at section 425.17., subdivision (b)(1), applies, and because defendants failed to establish that plaintiff's claim against them arises from activity protected under the anti-SLAPP statute.  For the reasons stated below, we reject both contentions.

## A.  The Public Interest Exception Does Not Apply Because Plaintiff's Action Was Not Brought Solely for the Benefit of the Public.

Plaintiffs contend their action is not subject to an anti-SLAPP motion because it is protected by the public interest exception to the anti-SLAPP statute, section 425.17, subdivision (b).  Whether a lawsuit falls within the public interest exception is a "'threshold issue, and we address it prior to examining the applicability of section 425.16.'"  (*People ex rel. Strathmann v. Acacia Research Corp.* (2012) 210 Cal.App.4th 487, 498.)  Applying the de novo standard of review (*Tourgeman v. Nelson & Kennard* (2014) 222 Cal.App.4th 1447, 1458), we find that the public interest exception does not apply.

---

**6**  Appellant served and filed a request for judicial notice on August 18, 2015.  The request is granted as unopposed; however, the documents noticed are not necessary for our discussion and will not be mentioned further.

The Legislature "designed subdivision (b) of section 425.17 to prevent the use of the anti-SLAPP device against 'specified public interest actions,' among others." (*Blanchard v. DIRECTV, Inc.* (2004) 123 Cal.App.4th 903, 913 (*Blanchard*), italics omitted.)  Pursuant to section 425.17, the anti-SLAPP statute "does not apply to any action brought solely in the public interest or on behalf of the general public" where the following three conditions are met: "(1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public . . . .  [¶]  (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.  [¶]  (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter."  (§ 425.17, subd. (b).)

Here, we need only consider the first of the three conditions.  The California Supreme Court has interpreted section 425.17, subdivision (b) narrowly, ruling that "the public interest exception only applies if the entire action is brought solely in the public interest.  If individualized relief is sought, a plaintiff must satisfy the requirements of the anti-SLAPP statute in order for the action to proceed."  (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 320 (*Sierra Club*).)  Here, the FAC's first cause of action is brought solely in the public interest, but the second cause of action is not, seeking a benefit on behalf of CREED-21, the organization whose public records request the City had partially rejected, not the general public.  The public interest exception therefore does not apply to the FAC.

6

Plaintiff argues that the word "action" in section 425.17 should be read to encompass not only whole actions, but also individual causes of action. This argument is foreclosed by the Supreme Court's ruling in *Sierra Club*. That opinion concludes that the Legislature "clearly distinguished between an 'action' and a 'cause of action'" in drafting section 425.17; the public interest exception applies on its face to "actions," while the separate exception regarding commercial speech codified in section 425.17, subdivision (c) applies to individual "cause[s] of action." (*Sierra Club*, *supra*, 45 Cal.4th at p. 320.) Plaintiff points to certain appellate opinions that nevertheless analyze the public interest exception with respect to specific causes of action, including one from this court. (See *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 777-778; *Blanchard*, *supra*, 123 Cal.App.4th at p. 917.) However, "[a]s an intermediate appellate court we are bound by decisions of our Supreme Court and we must follow the reasoning found therein." (*Loshonkohl v. Kinder* (2003) 109 Cal.App.4th 510, 517.) We must decline to follow any opinion of an intermediate appellate court—including this court—that conflicts with Supreme Court precedent.

Because we conclude that plaintiff failed to establish the first of the three conditions for application of the public interest exception to the anti-SLAPP statute, we need not and do not address the arguments of the parties regarding the other two. We turn instead to the question of the applicability of section 425.16.

**B. Plaintiff's Claim Against Defendants Arises from Activity Protected Under the Anti-SLAPP Statute.**

Plaintiff contends that defendants failed to demonstrate that the claims against them arise from conduct protected under the anti-SLAPP statute. Plaintiff has conceded that defendants' "vote[s] to approve payment under the City Attorney Agreement [are] the 'gravamen' of this action," so the issue is whether a city council member's vote qualifies as protected conduct under the anti-SLAPP statute. We find that it does.

"Courts construe the anti-SLAPP statute broadly to protect the constitutional rights of petition and free speech. [Citations.] In ruling on an anti-SLAPP motion, the trial court conducts a two-part analysis: The moving party bears the initial burden of establishing a prima facie case that the plaintiff's cause of action arises from the defendant's free speech or petition activity, as defined in the anti-SLAPP statute. [Citations.] If the moving party meets its burden, the burden shifts to the plaintiff to establish a probability that he or she will prevail on the merits." (*Anderson v. Geist* (2015) 236 Cal.App.4th 79, 84 (*Anderson*).)

"A defendant meets its threshold burden of demonstrating that a cause of action arises from protected activity by showing that the act or acts underlying the claim fit one or more of the four categories described in section 426.16, subdivision (e)." (*Anderson*, *supra*, 236 Cal.App.4th at p. 85.) As relevant here, these categories include "any written or oral statement or writing" that is "made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law" (§ 425.16, subd. (e)(2)), as well as "any other conduct in

8

furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest (*id.*, subd. (e)(4)).

In *Schwarzburd v. Kensington Police Protection & Community Services Dist. Bd.* (2014) 225 Cal.App.4th 1345, 1354-1355 (*Schwarzburd*), the court of appeal squarely addressed the issue at bar, holding that causes of action brought against individual public officials based on their votes on a matter under consideration by the public entity fall within both subdivision (e)(2) and subdivision (e)(4) of the anti-SLAPP statute (though causes of action asserted against the public entity itself do not). Plaintiff has not proposed any meaningful basis for distinguishing *Schwarzburd* from the present case, and we find none. Under *Schwarzburd*, there is no question that the claims asserted against defendants in the present lawsuit are based on conduct protected under the anti-SLAPP statute.

Defendant argues, however, that we should not follow *Schwarzburd*, pointing to a United States Supreme Court case, *Nevada Comm'n on Ethics v. Carrigan* (2011) 564 U.S. 117 [131 S.Ct. 2343, 180 L.Ed.2d 150] (*Carrigan*), which the *Schwarzburd* opinion does not discuss.[7] In *Carrigan,* the Court considered whether a city council member's First Amendment rights were violated by a state law that, among other things, prohibited

---

[7] Defendant also points to a formerly published court of appeal opinion, issued the same day as *Schwarzburd* by a different appellate district, which invoked *Carrigan* in reaching a holding that conflicts with *Schwarzburd*. That case, however, has been depublished upon the grant of a petition for review by the California Supreme Court, so it may not be cited or relied on. (Cal. Rules of Court, rule 8.1115; see *City of Montebello v. Vasquez*, review granted Aug. 13, 2014, S219052.)

9

a legislator who had a conflict of interest from voting on a proposal. (*Carrigan*, *supra*, 564 U.S. at pp. 119-120.) The Court found the restriction did not violate the legislator's right to free speech, because a legislator's vote is "the commitment of his apportioned share of the legislature's power," not "First Amendment speech." (*Id.* at pp. 125-127.) Defendant argues that, if a legislator's vote does not "invoke the First Amendment," it must not fall within the scope of the anti-SLAPP statute, the purpose of which is to "'prevent meritless litigation designed to chill the exercise of First Amendment rights.'" (Bolding and italics omitted.)

Defendant's argument is unpersuasive for several reasons. First, section 425.16 protects not only First Amendment rights, but more broadly acts in furtherance of the "right of petition or free speech under the United States Constitution or the California Constitution . . . ." (§ 425.16, subd. (b)(1).) The "provisions of the California Constitution are not dependent for their meaning on the federal Constitution." (*Sands v. Morongo Unified School Dist.* (1991) 53 Cal.3d 863, 907.) Moreover, the California Constitution "'provides an even broader guarantee of the right of free speech . . . than does the First Amendment.'" (*Freedom Communications, Inc. v. Superior Court* (2008) 167 Cal.App.4th 150, 154.) Even if, under *Carrigan*, a city council member's vote is not "First Amendment speech," it could nevertheless constitute speech protected under the California Constitution, and come within the scope of the anti-SLAPP statute's protections on that basis.

Second, even assuming that a city council member's vote is not constitutionally protected speech, it is nevertheless a "written or oral statement or writing" that is "made

10

in connection with an issue under consideration or review by a[n] . . . official proceeding authorized by law," within the meaning of section 425.16, subdivision (e)(2).  To hold otherwise would require a cramped reading of the statutory language, inconsistent with the mandate that the anti-SLAPP statute be interpreted "broadly."  (*Anderson*, *supra*, 236 Cal.App.4th at p. 84.)  It also would be inconsistent with prior case law, including but not limited to *Schwarzburd*, concluding that "the purpose of section 425.16 is best served by applying it to all individual participants in the official proceeding, including the decision maker."  (*Vergos v. McNeal* (2007) 146 Cal.App.4th 1387, 1399; see *Schwarzburd*, *supra*, 225 Cal.App.4th at pp. 1354-1355.)

In short, plaintiff's claim against defendants falls within the scope of the anti-SLAPP statute.  Plaintiff has not attempted to demonstrate a likelihood of success, so as to carry its burden on the second prong of the anti-SLAPP analysis.  We therefore find no error with respect to the trial court's ruling granting defendants' anti-SLAPP motion.

## III. DISPOSITION

The judgment appealed from is affirmed.  Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
J.

SLOUGH
J.

11