**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JUSTIN TIMBERLAKE,

        Defendant - Appellant,

v.

JOHN URBANO,

        Plaintiff - Appellee.

No. 24-652

D.C. No. 2:22-cv-04512-FLA-E

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted December 19, 2024[**]
San Francisco, California

Before: BEA, OWENS, and KOH, Circuit Judges.

Defendant Justin Timberlake ("Timberlake") challenges the district court's

denial of his motion ("Motion") under California's anti-SLAPP statute codified in

California Civil Procedure Code section 425.16 ("anti-SLAPP"). As the parties are

familiar with the facts, we do not recount them here. We affirm.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Under binding circuit precedent, we review de novo the denial of an anti-SLAPP motion. *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1188 (9th Cir. 2017). We "accept plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law." *Park v. Bd. of Trs. of Cal. State Univ.*, 393 P.3d 905, 911 (Cal. 2017) (citation omitted).

Resolution of an anti-SLAPP motion involves two prongs. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Navellier v. Sletten*, 52 P.3d 703, 708 (Cal. 2002) (citation omitted). Second, "[i]f the court finds that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim." *Id.*

Under California law, our analysis of Prong One proceeds in two steps. First, we must ask, "what public issue or issues the challenged activity implicates." *Geiser v. Kuhns*, 515 P.3d 623, 626 (Cal. 2022) (citing *FilmOn.com Inc. v. DoubleVerify Inc.*, 439 P.3d 1156, 1165 (Cal. 2019)). Second, we ask if "the challenged activity contributes to public discussion of any such issue." *Id*. The burden of proof at the first step of Prong One lies with the movant. Timberlake, therefore, must show that the "act underlying [Urbano's] cause of action" was

"*itself* . . . an act in furtherance of the right of petition or free speech." *Park*, 393 P.3d at 908 (emphasis in original) (citation omitted).

In the present case, the district court found that Timberlake failed to satisfy the first step of Prong One. We agree. Timberlake cannot connect his speech to an issue of public interest. Urbano's First Amended Complaint ("FAC") alleged five counts against Timberlake: (1) breach of joint venture agreement, (2) breach of joint venture agreement's implied covenant of good faith and fair dealing, (3) breach of contract, (4) breach of contract's implied covenant of good faith and fair dealing, and (5) copyright ownership. The wrong alleged in the FAC is Timberlake's failure to negotiate a backend deal for Urbano's compensation, not conduct related to the speech-related creation or production of the Documentary itself.

Timberlake contends that his contributions to the creative endeavors in the Documentary are the basis of his liability in the FAC. Therefore, according to Timberlake, Urbano's suit implicates an act in furtherance of the right of free speech under Prong One. Timberlake is incorrect. Although "the creation or production of a documentary film is conduct in furtherance of speech," here, "protected free speech activity is not the focus" of any claim. *Musero v. Creative Artists Agency, LLC*, 287 Cal. Rptr. 3d 625, 636 (Cal. Ct. App. 2021) (citation omitted).

Timberlake's statements, or lack thereof, do not constitute protected speech or petitioning as required in step one of Prong One. Therefore, the district court did not err when it denied the Motion.[1]

**AFFIRMED.**

---

[1] Because Timberlake failed to meet his burden under Prong One, we need not reach Prong Two. *See Anderson v. Geist*, 186 Cal. Rptr. 3d 286, 291 (Cal. Ct. App. 2015) ("[T]he second part of the anti-SLAPP analysis [is] reached only if the defendant satisfies its burden on the first part[.]").