Filed 11/15/23  Miszkewycz v. County of Placer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| JENNIFER MISZKEWYCZ, | C096378 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. S-CV-0047521) |
| COUNTY OF PLACER, | |
| Defendant and Appellant. | |
| CHARLES J. WILSON, | C096379 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. S-CV-0047387) |
| COUNTY OF PLACER, | |
| Defendant and Appellant. | |

1

These consolidated appeals arise from orders denying special motions to strike under the anti-SLAPP[1] statute, which permits a court to strike causes of action arising from an act in furtherance of the constitutional right of free speech or petition. (Code Civ. Proc., § 425.16.)[2]

Plaintiffs Jennifer Miszkewycz and Charles J. Wilson (collectively, plaintiffs), former employees of the Placer County District Attorney's Office, sued the County of Placer (the County) alleging it invaded their privacy rights and violated mandatory redaction duties by releasing government claim forms they filed without redacting personal information including their home addresses, birthdates, and telephone numbers. The County moved to strike the complaints under the anti-SLAPP statute. The trial court denied the motions, concluding that (1) while the County met its initial burden of showing plaintiffs' causes of action arose from activity protected by the anti-SLAPP statute, (2) plaintiffs established a probability of prevailing on the merits of such claims. The County appeals.

We conclude that the County failed to meet its initial burden of showing that plaintiffs' claims arose from protected activity, and therefore affirm the trial court's orders without deciding whether plaintiffs established a probability of prevailing on the merits.

BACKGROUND FACTS AND PROCEDURE

Plaintiffs are former prosecutors who sought damages against the County under the Government Claims Act (Gov. Code, § 810 et seq.), alleging whistleblower retaliation and other claims. They prepared their claims using the County's government claims form, which requires a general description of the claim as well as certain personal

---

[1]     SLAPP is an acronym for " 'strategic lawsuit against public participation.' " (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85.)

[2]     Undesignated statutory references are to the Code of Civil Procedure.

information about the claimant, including the claimant's address, home telephone number, and date of birth (the personal information).  Plaintiffs submitted their completed claims (with the required personal information) in August 2020.  The County denied their claims the following month.

In October 2020, a member of the public submitted a request for plaintiffs' government claim forms under the California Public Records Act (Gov. Code, § 7920.000 et seq. [formerly § 6250] (Public Records Act).  The County produced copies without redacting plaintiffs' personal information.  Approximately two months later, in December 2020, a political blogger posted the unredacted claim forms on a public Web site.

In October 2021, plaintiffs sued the County.  The operative complaints allege two causes of action relating to the alleged invasion of privacy and improper disclosure of their personal information:  (1) "Invasion of Privacy: Public Disclosure of Private Facts"; and (2) "Failure to Perform Mandatory Duty."  In support of the causes of action, plaintiffs alleged that the County violated article I, section 1 of the California's Constitution and Government Code former section 6254.3, subdivision (a) (now Gov. Code, § 7928.300, subd. (a)) by failing to redact plaintiffs' personal information from the government claim forms produced in response to the Public Records Act request.  The County filed anti-SLAPP motions to strike plaintiffs' complaints.  The trial court heard argument and denied the motions.  The County timely appealed both orders, and we consolidated the appeals for argument and disposition.

## DISCUSSION

The County contends the trial court erred in denying its anti-SLAPP motions because plaintiffs did not meet their burden of establishing a probability of prevailing on their causes of action.  We agree with plaintiffs, however, that the County's motion was properly denied because it failed to meet its threshold burden of showing their claims arose out of protected activity.

# I

## *The Anti-SLAPP Statute*

The Legislature enacted the anti-SLAPP statute (§ 425.16) to protect defendants from meritless lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and to petition for the redress of grievances. (§ 425.16, subd. (a).) To that end, the statute establishes a procedure for weeding out such claims at an early stage of the litigation, limiting the costs of defending against such claims. (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 642; *Baral v. Schnitt* (2016) 1 Cal.5th 376, 393 (*Baral*).) The statute is to be broadly construed to protect the constitutional rights of petition and free speech. (§ 425.16, subd. (a).)

An anti-SLAPP motion involves a two-step process. (*Baral, supra*, 1 Cal.5th at p. 384.) At the first step, the moving defendant bears the initial burden of establishing that the challenged claim arises from protected activity. (§ 425.16, subd. (b)(1).) If the defendant meets this threshold showing, the cause of action shall be stricken unless the plaintiff can demonstrate a probability of success on the merits. (*Baral,* at p. 384.)

We review an order granting an anti-SLAPP motion de novo, using the same two-step approach as the trial court. (*Alpha & Omega Development, LP v. Whillock Contracting, Inc*. (2011) 200 Cal.App.4th 656, 663.)

# II

## *Protected Activity*

Plaintiffs argue that we should affirm the order denying the motion to strike because the County did not carry its burden to show under the first prong of the anti-SLAPP analysis that plaintiffs' claims arose from protected activity. We agree.

A defendant moving to strike a cause of action under the anti-SLAPP statute has the initial burden to show that the cause of action arises from a protected activity. (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 420.) The Legislature has spelled out in

4

section 425.16, subdivision (e) the kinds of activity it meant to protect under the statute. (*City of Montebello v. Vasquez,* at p. 422.)  It defines protected activity to include:  "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."  (§ 425.16, subd. (e).)

To determine whether a particular claim arises from protected activity, we "consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability."  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1063.)  We then determine whether any of these actions fall within the protections of the anti-SLAPP statute.  (*Ibid.*)

"[A] claim does not 'arise from' protected activity simply because it was filed after, or because of, protected activity, or when protected activity merely provides evidentiary support or context for the claim.  [Citation.]  Rather, the protected activity must 'supply elements of the challenged claim.' "  (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 622 (*Rand*).)

Guided by these principles, we turn to the allegations in plaintiffs' complaints. Plaintiffs allege two causes of action against the County:  for invasion of the right of privacy and for failure to discharge a mandatory duty under Government Code former section 6254.3 (now Gov. Code, § 7928.300).  For each of these claims, the conduct by which plaintiffs claim to have been injured is the County's failure to redact their personal information from the claim forms produced in the County's Public Records Act response.

5

The harm allegedly suffered by plaintiffs resulted solely from the release of this information. Thus, disclosure of the information is the harmful conduct upon which plaintiffs' claims are based. The issue we must decide is whether this conduct is protected activity within the meaning of the anti-SLAPP statute.

As discussed, section 425.16, subdivision (e) of the anti-SLAPP statute defines four categories of protected activity. (*Rand, supra*, 6 Cal.5th at p. 620.) Two of the four categories are implicated here: Section 425.16, subdivision (e)(3) and subdivision (e)(4). Section 425.16, subdivision (e)(3) protects statements or writings "made in a place open to the public or a public forum in connection with an issue of public interest." (§ 425.16, subd. (e)(3).) Subdivision (e)(4) protects "other conduct" in furtherance of the constitutional right of petition or free speech "in connection with a public issue or an issue of public interest." (*Id.*, subd. (e)(4).) We shall conclude that the conduct underlying plaintiffs' claims is not protected activity under either subdivision because it is not an act in furtherance of the constitutional right of petition or free speech in connection with an issue of public interest.

We begin by noting that the act of responding to a Public Records Act request is not *itself* an exercise of a public agency's right of free speech or petition. It is an act of governance mandated by law. Under the Public Records Act, there is a presumptive right of access to any record created or maintained by a public agency that relates in any way to the conduct of the people's business. (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616.) Every such record must be disclosed unless one of the statutory exemptions applies or disclosure is otherwise prohibited by law. (*Ibid.*; Gov. Code, §§ 7921.500 (Gov. Code, former § 6254), 7922.505 (Gov. Code, former § 6253, subd. (e)).)

When a public agency responds to a Public Records Act request, the agency is not exercising its own speech or petitioning rights; it is merely performing a mandated duty. As our Supreme Court has acknowledged, " '[a]cts of governance mandated by law,

6

without more, are not exercises of free speech or petition.' " [3] (*Park v. Board of Trustees of California State University, supra*, 2 Cal.5th at p. 1064, quoting *San Ramon Valley Fire Protection Dist. v. Contra Costa County Employees' Retirement Assn.* (2004) 125 Cal.App.4th 343, 354; see *Anderson v. Geist* (2015) 236 Cal.App.4th 79, 87.)  Thus, as a general rule, we do not believe that a routine Public Records Act response is the type of speech or petitioning activity that the anti-SLAPP statute was intended to protect.

In any event, to constitute protected activity, section 425.16 subdivisions (e)(3) and (4) require that the speech or conduct occur "in connection with" a "public issue" or "issue of public interest."  (§ 425.16, subds. (e)(3), (4).)  The specific conduct at issue here—disclosure of personal information in response to a Public Records Act request—was not connected to a public issue or issue of public interest, and therefore fell outside the scope of the anti-SLAPP statute.

As we previously observed in *Weinberg v. Feisel* (2003) 110 Cal.App.4th 1122 (*Weinberg*):  "The [anti-SLAPP] statute does not provide a definition for 'an issue of public interest,' and it is doubtful an all-encompassing definition could be provided. However, the statute requires that there be some attributes of the issue which make it one of public, rather than merely private, interest.  A few guiding principles may be derived from decisional authorities.  First, 'public interest' does not equate with mere curiosity. [Citations.]  Second, a matter of public interest should be something of concern to a substantial number of people.  [Citation.]  Thus, a matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest.  [Citations.]  Third,

---

[3]     We disagree that plaintiffs forfeited this contention by failing to raise it below. Even if plaintiffs did not specifically argue mandatory acts of governance are not protected activity, they argued that the County's conduct was not an act in furtherance of any protected activity.  In any event, we have the discretion to consider the issue because it presents a pure question of law on undisputed facts.  (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 775; *American Indian Health & Services Corp. v. Kent* (2018) 24 Cal.App.5th 772, 789.)

7

there should be some degree of closeness between the challenged statements and the asserted public interest [citations]; the assertion of a broad and amorphous public interest is not sufficient [citation]. Fourth, the focus of the speaker's conduct should be the public interest rather than a mere effort 'to gather ammunition for another round of [private] controversy . . . .' [Citation.] Finally, 'those charged with [wrongdoing] cannot, by their own conduct, create their own defense by making the claimant a public figure.' [Citation.] A person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people. [Citations.]" (*Id*. at pp. 1132-1133.)

California courts have identified three types of conduct found to implicate a public issue. (*Rand, supra*, 6 Cal.5th at p. 621.) The first is when the statement or conduct concerns a person in the public eye. (*Ibid*.) The second is when the activity is connected to a topic of widespread, public interest. (*Ibid*.) The third is when the activity involves an issue that, while of interest to only a narrow segment of the population, could affect a large number of people beyond the direct participants. (*Ibid*.; *Price v. Operating Engineers Local Union No. 3* (2011) 195 Cal.App.4th 962, 972-973 (*Price*).)

In *Weinberg, supra*, 110 Cal.App.4th 1122, we discussed examples of activities found to embrace public issues. Such examples include statements concerning a lawsuit that had been the subject of extensive media coverage; statements about the location of a shelter that had been the subject of public controversy; allegations of domestic violence against a nationally known political consultant; political statements relating to a large, gated community; and statements about a participant in a television broadcast that had generated considerable public debate. (*Id*. at p. 1133, and cases cited therein.) In contrast, no issue of public interest was found in *Rivero v. American Federation of State, County, and Municipal Employees, AFL-CIO* (2003) 105 Cal.App.4th 913, 924, in which a union published and distributed documents containing claims of misconduct by an individual supervisor who had previously received no public attention or media coverage.

(*Weinberg,* at pp. 1133-1134; *Price, supra*, 195 Cal.App.4th at p. 973 [following *Rivero*]; see *Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 901 [absent unusual circumstances, an ordinary employment dispute concerning a nonpublic figure does not implicate a public issue].)

In *FilmOn.com Inc. v. DoubleVerify Inc.* (2019) 7 Cal.5th 133 (*FilmOn*), our Supreme Court cited *Weinberg* with approval in concluding that California courts have "ably distilled" the characteristics of an issue of public interest. (*Id*. at p. 149.) The court observed, however, that courts "have struggled . . . to articulate the requisite nexus between the challenged [activity] and the asserted issue of public interest," i.e., to give meaning to the " 'in connection with' " requirement. (*Ibid*.) To aid courts in determining whether a challenged activity falls within the ambit of section 425.16, subdivision (e)(4)'s protection, the court articulated the following two-part test. (*FilmOn,* at pp. 149-150.) First, courts should ask what public issue or issue of public interest is implicated by the challenged activity. Second, courts should look to the functional relationship between the challenged activity and the public conversation about that issue and ask whether the challenged activity, considered in context, contributes to public discussion of that issue. (*Id*. at pp. 149-152; accord, *Geiser v. Kuhns* (2022) 13 Cal.5th 1238, 1243.)

The Supreme Court has noted that it is the second step, not the first, that "usually plays the more prominent role in screening anti-SLAPP motions," because defendants " 'virtually always . . . succeed in drawing a line—however tenuous—connecting their speech [or conduct] to an abstract issue of public interest.' " (*Geiser v. Kuhns, supra*, 13 Cal.5th at p. 1250.) The fact that a challenged activity, considered in the abstract, can be connected to some broad and amorphous public interest is not enough. (*FilmOn, supra*, 7 Cal.5th at p. 150; *Dual Diagnosis Treatment Center, Inc. v. Buschel* (2016) 6 Cal.App.5th 1098, 1106 (*Buschel*).) Section 425.16, subdivision (e)(4) demands a " 'degree of closeness' between the challenged [activity] and the asserted public interest." (*FilmOn,* at p. 150.) The challenged statement or conduct " 'must in some manner itself

9

contribute to the public debate.' " (*Ibid*.; accord, *City of Industry v. City of Fillmore,* (2011) 198 Cal.App.4th 191, 217-218.)  Critical to this determination is identification of the specific speech or conduct that is the subject of the claims in the lawsuit.  (*Li v. Jin* (2022) 83 Cal.App.5th 481, 495 (*Li*); accord, *Buschel,* at p. 1104; *Golden Eagle Land Investment, L.P. v. Rancho Santa Fe Assn.* (2018) 19 Cal.App.5th 399, 419; *FilmOn,* at p. 152.)

Applying *FilmOn*'s two-part test, we are not persuaded that the conduct at issue here is connected to a public issue or an issue of public interest.  First, plaintiffs' government tort claims were not an issue of widespread, public interest.  " ' "[I]n cases where the issue is not of interest to the public at large, but rather to a limited, but definable portion of the public (a private group, organization, or community), the [challenged] activity must, at a minimum, occur in the context of an ongoing controversy, dispute or discussion, such that it warrants protection by a statute that embodies the public policy of encouraging *participation* in matters of public significance." ' [Citations.]" (*Buschel, supra*, 6 Cal.App.5th at p. 1104; accord *Golden Eagle Land Investment, L.P. v. Rancho Santa Fe Assn., supra*, 19 Cal.App.5th at pp. 418-419; *Price, supra*, 195 Cal.App.4th at p. 972.)  Here, it did not.

Second, even if the substance of the government tort claims was of interest to some limited segment of the population, we fail to see how disclosure of plaintiffs' home addresses, telephone numbers, and dates of birth contributed to any (legitimate) public discussion or debate.  (*Li, supra*, 83 Cal.App.5th at pp. 495-496; see *Xu v. Huang* (2021) 73 Cal.App.5th 802, 818-819 [rejecting tenuous ties to a public issue]; see *City of San Jose v. Superior Court* (1999) 74 Cal.App.4th 1008, 1019-1020, 1022-1025 [minimal public interest in disclosure of airport noise complainants' names, addresses, and

telephone numbers].)  Thus, it fails *FilmOn*'s "functional relationship" test.[4]  (*FilmOn, supra*, 7 Cal.5th at pp. 140, 149-150.)

To the extent *Collondrez v. City of Rio Vista* (2021) 61 Cal.App.5th 1039 suggests a contrary result, we find it distinguishable as that case (1) involved a release of public records in response to requests from the media, (2) in connection with an issue that was the subject of considerable public controversy, and (3) the harmful conduct underlying the plaintiff's claims was based on the release of that information.  (*Id.* at pp. 1046, 1049-1050.)

Because we conclude the County did not meet its initial burden of establishing that plaintiffs' claims arise from protected activity, we need not consider whether plaintiffs met their burden of establishing a probability of success on the merits.

---

[4]  The subsequent publication of the government claim forms does not alter our conclusion.  (*Wilson v. Cable News Network, Inc., supra*, 7 Cal.5th at p. 902.)

DISPOSITION

The orders denying the special motions to strike are affirmed.  Plaintiffs shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                   \s\                       ,

                                      Krause, J.


We concur:


\s\          ,

Renner, Acting P. J.


\s\          ,

Boulware Eurie, J.

12